# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| ROBERT WALTER BONNER, #0327593, ) | |
|     Plaintiff, ) | |
| vs. ) | No. 3:10-CV-2150-O-BH |
| ) | |
| WILLIAM BOSWORTH, et al, ) | |
|     Defendant. ) | Referred for Pretrial Management |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3-251*, this case has been automatically referred for pretrial management.

## I. BACKGROUND

Plaintiff brings suit under 42 U.S.C. § 1983 against District Judge William Bosworth; Assistant District Attorney Martin Strayhan ("DA"); Toby Ross, Director of Johnson County Community Supervision and Corrections Department ("Director"); four Burleson police officers; and Johnson County Sheriff Bob Alford. (Compl. at 3; Br. at I to III.) He also brings a claim under the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. § 1962, against the District Judge, DA, and Director. (Br. at 1, 9-15.) Plaintiff claims that the officers conducted an illegal search and seizure on May 8 and 9, 2007. (Compl. at 3; Br. at 19-20.) On May 9, 2007, the District Judge allegedly imposed excessive pretrial bond conditions by ordering Plaintiff to pay administrative fees and urinalysis fees during pretrial proceedings; the DA and Director sought, enforced and collected the fees. (Compl. at 3; Br. at 4-18; Exs. 1C, 1D, 1E, 1F, 1G, and 1H.) The Sheriff placed him in administrative segregation in March 2009. (Compl. at 3; Br. at 20-27.) Plaintiff seeks monetary and injunctive relief. (Compl. at 4.) No process has been issued.

## II. JOINDER OF CLAIMS

Plaintiff has joined eight defendants and various claims in one suit. When a litigant asserts

diverse claims against multiple defendants, the courts may *sua sponte* consider whether the parties and claims are properly joined in one action. *See* Fed. R. Civ. P. 21; *Richardson v. Proctor & Gamble*, No. 3:07-CV-2038-K, 2008 WL 483337, at *2 (N.D. Tex. Feb. 18, 2008) (accepting recommendation of Mag. J.) Although a party may generally join any claims it has against an opposing party under Fed. R. Civ. P. 18(a), it must satisfy Fed. R. Civ. P. 20(a)(2) if it also names other opposing parties. Rule 20(a)(2) permits joinder of multiple defendants in a single lawsuit only when the plaintiff asserts a right to relief against each defendant relating to or "arising out of the same transaction, occurrence, or series of transactions or occurrences", and a "question of law or fact common to all defendants will arise in the action." *See also Applewhite v. Reichhold Chem., Inc.*, 67 F.3d 571, 574 n.11 (5th Cir. 1995). Requiring parties to assert unrelated claims against different defendants in separate complaints avoids unduly cumbersome litigation, and in the context of prisoner litigation, ensures that prisoners pay the required filing fees under the Prison Litigation Reform Act. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Here, Plaintiff failed to comply with Rule 20(a)(2). His illegal search and seizure claim arose on May 8 and 9, 2007, and involves only the officers. His claims against the District Judge, DA, and Director arise from their roles in alleged excessive pretrial bond conditions that were placed on Plaintiff on May 9, 2007, and were enforced and collected through January 2008. The claims against the Sheriff relate to events beginning in March 2009, nearly two years after the other events leading to this litigation. The claims against the officers appear somewhat related to those against the District Judge, DA, and Director, which are closely related. The claims against the Sheriff are completely unrelated to and share no common question of law or fact with those claims, however.

Courts have broad discretion to sever parties or claims that are "misjoined or might otherwise cause delay or prejudice." *Applewhite*, 67 F.3d at 574; *accord* Fed. R. Civ. P. 21. Rule 21 permits

2

courts to drop improperly joined defendants while permitting the action to proceed against a named defendant and any other properly joined defendant. *See Richardson*, 2008 WL 483337, at *2-3 (dropping all defendants except first one). Additionally, courts may screen part of a complaint while striking or dismissing other claims as improperly joined. *Robinson v. Stone*, No. 3:09-CV-0220-B, 2009 WL 790130, at *4 (N.D. Tex. Mar. 25, 2009) (accepting recommendation of Mag. J.).

Here, the claims against the Sheriff are not properly joined, and he should therefore be dropped from this suit. Plaintiff may pursue an action against the Sheriff in a separate action by filing a civil complaint in the proper court. The other claims are related enough to warrant screening them together.

### III. PRELIMINARY SCREENING

Because Plaintiff is a prisoner in the Tarrant County Corrections Center who has been permitted to proceed *in forma pauperis,* his complaint is subject to preliminary screening under 28 U.S.C. § 1915(e)(2). That statute provides for *sua sponte* dismissal of the complaint, or any portion of it, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

### IV. RACKETEER INFLUENCED AND CORRUPT ORGANIZATION ACT

Plaintiff claims that the District Judge, DA, and Director violated § 1962(c) and (d) of RICO.

3

(*See* Br. at 9-15.) Section 1964 of the act provides civil remedies for violations of § 1962.

A person may violate § 1962 by (a) receiving income from a pattern of racketeering activity and investing that income in an enterprise; (b) acquiring or maintaining an interest in an enterprise through a pattern of racketeering activity; (c) conducting the affairs of the enterprise through a pattern of racketeering activity; and (d) conspiring to violate subsections (a), (b), or (c). *See Abraham v. Singh*, 480 F.3d 351, 354-55 (5th Cir. 2007); *Crowe v. Henry*, 43 F.3d 198, 203 (5th Cir. 1995). In short, each subsection requires: "(1) a *person* who engages in (2) a *pattern of racketeering activity* (3) connected to the acquisition, establishment, conduct, or control of an *enterprise*." *Delta Truck & Tractor, Inc. v. J.I. Case Co.*, 855 F.2d 241, 242 (5th Cir. 1988) (emphasis in original). To state a claim under any subsection, "a plaintiff must plead specific facts . . . which establish the existence of an enterprise." *Elliott v. Foufas*, 867 F.2d 877, 881 (5th Cir. 1989); *accord State Farm Mut. Auto. Ins. Co. v. Giventer*, 212 F. Supp. 2d 639, 649-50 (N.D. Tex. 2002).

Here, Plaintiff contends that the conduct of the District Judge (ordering fees as conditions of pretrial release), the DA (arguing for the fees), and the Director (collecting the fees) constitutes a pattern of racketeering activity and extortion. (Br. at 11, 14-15.) The alleged conduct does not qualify as either extortion, *see* 18 U.S.C. § 1951(b)(2) (defining term)[1], nor any other "racketeering activity" as defined by RICO, *see* 18 U.S.C. § 1961(1). Because Plaintiff has not pled facts that show or create a reasonable inference of a pattern of racketeering activity, he has failed to state a RICO claim upon which relief may be granted.

## V. STATUTE OF LIMITATIONS

Plaintiff seeks monetary and injunctive relief under 42 U.S.C. § 1983. That statute "provides

---

[1] "The term 'extortion' means the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right." 18 U.S.C. § 1951(b)(2).

4

a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw,* 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.*

Plaintiff bases his claims against the properly joined defendants on acts that occurred between May 2007 and January 2008, but filed this action in October 2010. "[W]here it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed," pursuant to 28 U.S.C. § 1915(e)(2)(B). *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993); *accord Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006). Courts "may raise the defense of limitations *sua sponte*." *Stanley*, 464 F.3d at 568 (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999)).

Federal courts look to the law of the forum state to determine the length of the statute of limitations applicable in actions filed under § 1983, i.e., the state's limitations period for personal-injury torts. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Texas, that limitations period is two years. *Whitt v. Stephens Cnty.*, 529 F.3d 278, 282 (5th Cir. 2008). Accordingly, Plaintiff had two years from the date his § 1983 claims accrued to file suit. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001).

While state law determines the length of the § 1983 limitations period, federal law determines the accrual date. *Wallace*, 549 U.S. at 388; *Walker v. Epps*, 550 F.3d 407, 414 (5th Cir. 2008), *cert. denied*, 130 S. Ct. 57 (2009). In general, a claim accrues "when the plaintiff has "a complete and present cause of action" or, stated differently, "when the plaintiff can file suit and obtain relief." *Wallace*, 549 U.S. at 388 (citation and internal quotation marks omitted). Consistent with such general statements, the Fifth Circuit has held:

> "Under federal law, the [limitations] period begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'" A plaintiff's awareness encompasses two elements: "(1) The existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions." A plaintiff need not know that she has a legal cause of action; she need know only the facts that would ultimately support a claim. Actual knowledge is not required "if the circumstances would lead a reasonable person to investigate further."

*Piotrowski*, 237 F.3d at 576 (citations omitted); *accord Walker*, 550 F.3d at 414.

Plaintiff's non-RICO claims against the District Judge, DA, Director, and four officers accrued more than two years before he commenced this action. His filings establish that he knew the factual basis for these claims between May 2007 and January 2008, when the last alleged acts of these defendants occurred. Because Plaintiff did not file this action until October 2010, more than two years after the alleged events, his § 1983 claims against these defendants appear time-barred.

With respect to the claims regarding pretrial bond conditions, Plaintiff contends that the limitations period did not commence until February 15, 2010, when he learned of "critical facts that he was harmed." (Br. at 1, 4 (relying on Exs. 1A and 1B).) Those exhibits show that Plaintiff learned that he may have a potential federal claim based on his discovery that another individual had filed a federal action about illegal bond conditions. (*See* Exs. 1A and 1B.) However, Plaintiff's "knowledge of the legal basis" for his claims "is irrelevant; the statute of limitations begins to run when a potential plaintiff has knowledge of the facts which could support a legal remedy." *Wood v. Houston Belt & Terminal Ry.*, 958 F.2d 95, 98 (5th Cir. 1992). Plaintiff knew the facts to support his bond-condition claims more than two years before filing this action.

With respect to his illegal search-and-seizure claims, Plaintiff contends that he did not learn critical facts until February 18, 2010, when he obtained a copy of the search warrant. (Br. at 1, 19.) However, his own submissions show that he was present "during the execution of the warrant", he

6

specifically asked why a "television was being seized", and he was told that "We take anything of value." (*See* Ex. 2D at 7.) According to Plaintiff, an officer asked for and was denied consent to search his computers after the officer informed him that they needed a different warrant for that search, but they still searched his computers. (*See* Ex. 2H at 1; 2I at 2.) Plaintiff's presence during the search gave him an adequate opportunity to review the warrant and the circumstances created a reasonable belief that the officers were exceeding its scope. The statements from the officers would prompt a reasonable person to investigate further. Based on the information provided to the Court, Plaintiff had actual knowledge that the search warrant did not give authority for searching his computers. Even if Plaintiff lacked actual knowledge of the precise scope of the search warrant until February 2010, the circumstances in May 2007 would have led a reasonable person to immediately investigate whether the officers exceeded its scope. His illegal-search-and-seizure claims accrued more than two years before the filing of this action.

Other than the above contentions, Plaintiff makes no attempt to excuse the untimeliness and provides no basis for equitable tolling under Texas or federal law. When a court borrows a forum state's statute of limitations, it also generally borrows the tolling principles of that state. *Wallace*, 549 U.S. at 394.[2] Absent an applicable tolling provision, the Court may summarily dismiss his § 1983 claims as untimely. *Gartrell*, 981 F.2d at 257. Unless Plaintiff provides a proper basis for tolling, his § 1983 claims against the District Judge, DA, Director, and four officers should be dismissed as frivolous under § 1915(e)(2) for his failure to file them within the statutory periods of limitations.

---

[2] Although the state tolling principles primarily guide the courts, they "may be displaced where their application would be inconsistent with the federal policy underlying the cause of action under consideration." *Johnson v. Ry. Express Agency*, 421 U.S. 454, 465 (1975).

## VI.  RECOMMENDATION

Sheriff Bob Alford should be **DROPPED** from this action pursuant to Fed. R. Civ. P. 21, and Plaintiff should be notified that he must pursue litigation against that defendant in a separate civil action by filing a complaint in the proper court.  The Court should summarily **DISMISS** Plaintiff's RICO claims for failing to state a claim upon which relief can be granted.  It should summarily **DISMISS** Plaintiff's remaining § 1983 claims with prejudice as untimely pursuant to 28 U.S.C. § 1915(e)(2)(B) unless he provides a proper basis for tolling within the fourteen-day period for filing objections to this recommendation.

**SIGNED this 30th day of November, 2010.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE