IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROBERT WALTER BONNER, #0327593, § | |
| Plaintiff, § | |
| vs. § | No. 3:10-CV-2150-O-BH |
| § | |
| WILLIAM BOSWORTH, et al, § | |
| Defendant. § | |

**SUPPLEMENTAL FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the order of reference filed December 23, 2010, before the Court is *Plaintiff's Objections to the Court's Findings, Conclusions and Recommendations*, filed December 15, 2010 (doc. 7). Based on the relevant filings and applicable law, Plaintiff's objections should be overruled and his new claim should be dismissed with prejudice.

**I. BACKGROUND**

Plaintiff brings suit under 42 U.S.C. § 1983 against District Judge William Bosworth; Assistant District Attorney Martin Strayhan ("DA"); Toby Ross, Director of Johnson County Community Supervision and Corrections Department ("Director"); four Burleson police officers; and Johnson County Sheriff Bob Alford. (Compl. at 3; Br. at I to III.) He also brings a claim under the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. § 1962, against the District Judge, DA, and Director. (Br. at 1, 9-15.) Plaintiff claims that the officers conducted an illegal search and seizure on May 8 and 9, 2007. (Compl. at 3; Br. at 19-20.) On May 9, 2007, the District Judge allegedly imposed excessive pretrial bond conditions by ordering Plaintiff to pay administrative and urinalysis fees during pretrial proceedings; the DA and Director sought, enforced and collected the fees. (Compl. at 3; Br. at 4-18; Exs. 1C, 1D, 1E, 1F, 1G, and 1H.) The Sheriff placed him in administrative segregation in March 2009. (Compl. at 3; Br. at 20-27.) Plaintiff seeks monetary and injunctive relief. (Compl. at 4.)

On November 30, 2010, this Court issued its Findings, Conclusions, and Recommendation (FCR) recommending that Sheriff Bob Alford be dropped from the action pursuant to Fed. R. Civ. P. 21; that Plaintiff's RICO claims be summarily dismissed for failure to state a claim upon which relief can be granted; and that Plaintiff's remaining § 1983 claims be summarily dismissed as untimely unless he provided a proper basis for tolling within the fourteen-day period for filing objections to the recommendation. (Doc. 6.) On December 15, 2010, Plaintiff filed his objections to the FCR. (Doc. 7.) In his objections, he again asserts some of his original arguments in support of his RICO and § 1983 claims, and he asserts a new claim against Don Adams based on the forfeiture of his property or, alternatively, attempts to appeal from the final judgment of forfeiture.

## II. RACKETEER INFLUENCED AND CORRUPT ORGANIZATION ACT

In his complaint, Plaintiff claims that the District Judge, DA, and Director violated § 1962© and (d) of RICO. (*See* Br. at 9-15.) In the original FCR, this Court found that the Defendants' alleged conduct does not qualify as either extortion, *see* 18 U.S.C. § 1951(b)(2) (defining term)[1], nor any other "racketeering activity" as defined by RICO, *see* 18 U.S.C. § 1961(1). It also determined that Plaintiff failed to state a RICO claim upon which relief may be granted because he has not pled facts that show or create a reasonable inference of a pattern of racketeering activity.

In his objections, Plaintiff continues to assert that the Defendants obtained property (U.S. currency) from him through "extortion" by using the threat of bond forfeiture, fine, arrest, and confinement in Johnson County Jail for failure to pay. (Obj. at 1-2.) Because he only reasserts his initial arguments, Plaintiff's objections should be overruled and his RICO claims should be dismissed for failure to state a claim upon which relief can be granted.

---

[1] "The term 'extortion' means the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right." 18 U.S.C. § 1951(b)(2).

## III. STATUTE OF LIMITATIONS

Plaintiff also seeks monetary and injunctive relief under 42 U.S.C. § 1983 against the properly joined defendants for acts that occurred between May 2007 and January 2008. The Court previously found that Plaintiff's non-RICO claims against the District Judge, DA, Director, and four officers accrued more than two years before he filed his suit in October 2010, and were therefore untimely. (FCR at 6-7.) It noted that Plaintiff's filings establish that he knew the factual basis for these claims between May 2007 and January 2008, when the last alleged acts of these defendants occurred. (*Id*. at 7.)

In his objections, Plaintiff raises several arguments regarding his knowledge of the facts to support his claim: he did not become aware that he suffered an injury until after consulting with another individual; he did not have sufficient information to know that he had been injured until he received exhibits that been in the possession of his family; he cannot be certain that he observed an officer illegally searching his computer; and he could not rule out that a subsequent warrant to search his computer was obtained and brought to his house during the search. (Obj. at 3 & 7.) "Under federal law, the [limitations] period begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information tho know that he has been injured.'" *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2008), *cert denied*, 130 S. Ct. 57 (2009) (citations omitted). As noted in the initial FCR, Plaintiff's filings establish that he knew the factual basis for his non-RICO claims against the District Judge, DA, Director, and four officers between May 2007 and January 2008, when the last alleged acts occurred. Therefore, this argument fails and his §1983 claims against these defendants appear time-barred.

Plaintiff also raises several arguments regarding his knowledge of the law: he was not a "reasonable person" at the time of the raid because he was in a state of emotional shock due to the

3

events that transpired; he could not know the limitations of the warrant without legal counsel; "challenging the authority" of the police regarding the scope of the warrant could have placed his safety in jeopardy; a "reasonable person" would say nothing because speaking would alert the officers of the error which could result in their obtaining a proper warrant; and a reasonable person "might assume" that the property was being lawfully seized as a civil forfeiture for a drug related offense. (*Id*. at 6-8.) As noted previously, Plaintiff's "knowledge of the legal basis" for his claims "is irrelevant; the statute of limitations begins to run when a potential plaintiff has knowledge of the facts which could support a legal remedy." *Wood v. Houston Belt & Terminal Ry.*, 958 F.2d 95, 98 (5th Cir. 1992).

Plaintiff also contends that he did not have very much time after trial and before the limitations period ran to try to obtain the warrant. (*Id.* at 10-11.) To the extent he is arguing that his imprisonment is a proper basis for tolling, this is no longer the case in Texas. *See Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992) (noting that, effective September 1, 1987, imprisonment is no longer considered a legal disability which tolls the running of the statute of limitations.)

Lastly, Plaintiff asserts that the prosecutor allegedly failed to produce the warrant to Plaintiff's counsel upon a request for *Brady* material. (*Id.* at 9-10.) Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Holmes v. Texas A & M Univ.*, 145 F.3d 681, 684–85 (5th Cir. 1998). Even if Plaintiff's argument is construed to satisfy the extraordinary circumstances prong, he fails to demonstrate that he diligently pursued his rights. It is clear that he had knowledge of the facts to support his claims for more than two years before filing this suit. Accordingly, this argument also fails to satisfy the tolling requirements.

Because Plaintiff has failed to provide a proper basis for tolling under Texas or federal law, his objections should be overruled and his § 1983 claims against the District Judge, DA, Director, and four officers should be dismissed as untimely.

## IV. FORFEITURE CLAIMS

Plaintiff also attempts to raise an "'alternate' objection to support the return of his illegally seized property" by asserting a claim against Don Adams for the deprivation of his property or by attempting to appeal from the final judgment of forfeiture in state court. (Obj. at 11-13.) Plaintiff's pleadings will be liberally construed as a claim against Adams for the intentional deprivation of property or, in the alternative, as an attempt to appeal from the final judgment.[2]

Plaintiff first contends that the seized property was not authorized by a search warrant and he is therefore due the return of his property or its value. (*Id.* at 12-13.) He also contends that although a final judgment was rendered in the forfeiture proceeding on June 5, 2009, the civil forfeiture hearing is void and "the property was released fraudulently," and that the trial court retains jurisdiction over the matter. (*Id.* at 13) Plaintiff also states that he believes that equitable estoppel is satisfied because of Adams' "culpability in the concealment of material facts" and because he and his mother "were without knowledge or means of knowledge of the real facts". (*Id.*)

Neither intentional nor negligent deprivation of property violates the Due Process Clause of the Fourteenth Amendment provided that adequate state post-deprivation remedies are available. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Here, Texas law provides adequate state post-deprivation remedies. *Murphy v. Collins*, 26 F.3d 541, 543–44 (5th Cir. 1994). These remedies are

---

[2] Pro se briefs are afforded liberal construction, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *McMillan v. Yellow Cab*, 75 Fed Appx. 315, 315 (5th Cir. 2003), *cert. denied*, 541 U.S. 946 (2004). However, even pro se litigants must brief arguments in order to preserve them. *See McMillan,* 75 Fed Appx. at 315*;Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993).

deemed "adequate" even though Plaintiff's recovery under state law may be less appealing than a § 1983 action. *Hudson*, 468 U.S. at 535. Chapter 59 of the Texas Code of Criminal Procedure prescribes the procedures governing civil forfeiture, which is an *in rem* proceeding against contraband. *See State v. Silver Chevrolet Pickup*, 140 S.W.3d 691, 692–93 (Tex. 2004); *Hardy v. State*, 102 S.W.3d 123, 126–27 (Tex. 2003). Under Chapter 59, property that has been used in the commission of a felony or that constitutes proceeds gained from the commission of a felony in violation of Chapter 481 of the Texas Health and Safety Code (the Texas Controlled Substances Act) is contraband subject to forfeiture. *See* Tex. Code of Crim. Proc. Ann. arts. 59.01(2)(B)(I) (West Supp. 2009); *Real Prop. Located at 4125 Blanton, Wichita Falls v. State*, 230 S.W.3d 476, 481 (Tex. App.—Fort Worth 2007, pet. denied). Plaintiff's claim based on the intentional deprivation of his property is foreclosed by *Hudson*. The Court should deem it frivolous and dismiss it with prejudice. *See Marts v. Hines*, 117 F.3d 1504, 1506 (5th Cir. 1997) (*en banc*) (holding that *sua sponte* dismissals on grounds of frivolity or maliciousness should be "dismissals with prejudice unless the district court specifically dismisses without prejudice").

Finally, to the extent Plaintiff seeks to review or nullify final orders entered in state court, the *Rooker-Feldman* doctrine[3] divests this Court of jurisdiction. Under *Rooker-Feldman*, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994). "This jurisdictional bar is not limited to actions in federal court that explicitly seek review of a state

---

[3] This doctrine is named after *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). These decisions "exhibit the limited circumstances in which [the Supreme] Court's appellate jurisdiction over state-court judgments, 28 U.S.C. § 1257, precludes a United States district court from exercising subject-matter jurisdiction in an action it would otherwise be empowered to adjudicate under a congressional grant of authority." *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 290 (2005).

court decision, but also extends to those 'in which the constitutional claims presented . . . are inextricably intertwined with the state court's grant or denial of relief.'" *Jordaan v. Hall*, 275 F. Supp. 2d 778, 788 (N.D. Tex. 2003) (quoting *Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986)). This case presents the exact situation where the *Rooker-Feldman* doctrine divests the court of subject matter jurisdiction. *See id.* Not only does Plaintiff appear to seek review of the state court's final judgment, but any constitutional claims that he may be presenting are inextricably intertwined with the rulings of the state court.

Because Plaintiff has stated no proper basis for federal jurisdiction, and because the *Rooker-Feldman* doctrine divests this Court of jurisdiction, the Court lacks subject matter jurisdiction over Plaintiff's alternate claim based on the forfeiture of his property.

## V. RECOMMENDATION

The Court should summarily **DISMISS** Plaintiff's RICO claims for failing to state a claim upon which relief can be granted. It should summarily **DISMISS** Plaintiff's remaining § 1983 claims with prejudice as untimely pursuant to 28 U.S.C. § 1915(e)(2)(B). It should summarily **DISMISS** Plaintiff's "alternate" claims for the return of the forfeited property for lack of jurisdiction.

**SIGNED this 30th day of March, 2011.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                                       IRMA CARRILLO RAMIREZ
                                                                       UNITED STATES MAGISTRATE JUDGE