IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ROBERT WALTER BONNER, #0327593, )
       Plaintiff, )
vs. )    No. 3:10-CV-2150-O-BH
)
WILLIAM BOSWORTH, et al, )
       Defendant. )

**ORDER ACCEPTING FINDINGS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are the Findings, Conclusions, and Recommendation ("FCR") (ECF No. 6) of the United States Magistrate Judge, the Plaintiff's objections ("Pl. Orig. Obj.") (ECF No. 7), the Magistrate Judge's Supplemental Findings, Conclusions, and Recommendation ("Supp. FCR") (ECF No. 12), and Plaintiff's additional objections thereto ("Pl. 2d Obj.") (ECF No. 13). After receiving Plaintiff's initial objections, the Court found that the objections could be construed as raising new claims not raised in the original complaint. *See* ECF No. 10. Subsequently, the Court referred the case back to the Magistrate Judge for reconsideration. *Id.*

Under 28 U.S.C. § 636(b)(1), the Court must review *de novo* the pleadings, filings, and records of the case and the Findings, Conclusions, and Recommendations of the Magistrate Judge for any issue on which objections are made. In the supplemental findings, the Magistrate Judge addressed each of Plaintiff's original objections which, it was noted, were the same as his original arguments on each issue. Supp. FCR 2, ECF No. 12. The Plaintiff reiterates the same objections again in his objections to the supplemental FCR. The Court accepts the findings of the Magistrate Judge regarding Plaintiff's initial objections.

In his first objections, Plaintiff asserted a new claim against Don Adams based on the forfeiture of his property. Pl. Orig. Obj. 11-13, ECF No. 7. The Magistrate Judge construed this

claim as either a claim for intentional deprivation of property or as an attempt to appeal the final judgment. Supp. FCR 5 n.2. Plaintiff argues that Don Adams failed to inform the trial court that the properties seized were not authorized by a search warrant. Pl. Orig. Obj. 12. The Magistrate Judge recommends dismissal of this claim, concluding that Plaintiff has adequate state post-deprivation remedies, foreclosing a Due Process Clause argument under the Supreme Court's holding in *Hudson v. Palmer*. Supp. FCR 5-6 (citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)).

In Plaintiff's second set of objections, he argues that *Hudson* does not apply because he has no state post-deprivation remedies. Pl. 2d Obj. 5, ECF No. 13. He states that he did not become aware of the illegality of the search until past the deadline to appeal. *Id.* Although "Plaintiff's recovery under state law may be less appealing than a § 1983 action", alternative remedies are "deemed adequate" and therefore foreclose an intentional deprivation of property claim under the Fourteenth Amendment. Supp. FCR 6 (citing *Hudson*, 468 U.S. at 535). Such alternative remedies may include suits brought under the tort of conversion and other common law remedies. *See Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994); *Hudson*, 468 U.S. at 353. That Plaintiff is beyond the acceptable time to appeal does not make the principles of *Hudson* inapplicable.

Additionally, the Magistrate Judge states that to the extent Plaintiff's claim can be construed as an attempt to vacate a final order entered in state court, it is barred by the *Rooker-Feldman* doctrine. Supp. FCR. 6. Plaintiff objects that he does not seek "appellate review" but instead states that if the judgment is void, then any relief is also void. Pl. 2d Obj. 7. However, to the extent Plaintiff discusses the Final Judgment of Forfeiture, he asks that the Court find that the state "civil forfeiture hearing is void and the property was released fraudulently." Pl. Orig. Obj. 13. This request amounts to a request for this Court to review the holding of the state court and find it invalid,

an action that is barred by *Rooker-Feldman*. Accordingly, the Court adopts the findings of the Magistrate Judge on this issue and holds that it lacks jurisdiction to entertain a collateral attack on the state court judgment. *See Jordaan v. Hall*, 275 F. Supp. 2d 778, 788 (N. D. Tex. 2003).

After reviewing all relevant matters of record in this case, including the Findings, Conclusions, and Recommendation of the United States Magistrate Judge and any objections thereto, in accordance with 28 U.S.C. § 636(b)(1), the undersigned District Judge is of the opinion that the Findings and Conclusions of the Magistrate Judge (ECF No. 6) and the Supplemental Findings and Conclusions (ECF No. 12) are correct, and they are accepted as the Findings and Conclusions of the Court.

Pursuant to Fed. R. Civ. P. 21, Defendant Bob Alford is "dropped" from this action.[1] To the extent Plaintiff intends to pursue litigation against him, he must file a separate civil complaint in the proper court. By separate judgment, the Court will formally dismiss Plaintiff's claims against the remaining defendants.

**SO ORDERED** this **2nd** day of **May, 2011.**

  
Reed O'Connor  
**UNITED STATES DISTRICT JUDGE**

---

[1] On December 15, 2010, Plaintiff filed with the Court concurring with the Magistrate Judge's recommendation that Sheriff Bob Alford be dropped from this action. *See* ECF No. 8.